UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARVIN EASTMAN SKENANDORE,

      Plaintiff,

      v.                                                  Case No. 22-C-834

GREEN BAY POLICE DEPARTMENT and
LT. BUCHMANN,

      Defendants.

---

## ORDER

---

      On July 21, 2022, Plaintiff Marvin Eastman Skenandore, proceeding *pro se*, filed this action against Defendants Green Bay Police Department and Lt. Buchmann pursuant to 42 U.S.C. § 1983, alleging that officers used excessive force against him by repeatedly tasing him during an arrest. Along with his complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Dkt. No. 2. The Court has reviewed the affidavit submitted in support of the motion and concludes that Plaintiff lacks sufficient income and/or assets to pay the filing fee. Furthermore, Plaintiff's complaint sufficiently states a claim under § 1983.

      Plaintiff alleges that, on May 5, 2020, he was involved in an incident with the Green Bay Police Department. Dkt. No. 1 at 3. During the incident, Plaintiff alleges that he complied with the officers' commands to stop walking toward them and to turn around, but that when he did, he was tased "over and over again." *Id.* Plaintiff claims he was tased so many times that he "lost count" and that he believes the officers "intentionally tried to cause bodily harm" to him. *Id.* Although the state criminal complaint attached to Plaintiff's pleadings provides a conflicting account of what led to the use of the taser, it does indicate that Plaintiff was tased at least four

times. *See* Dkt. No. 1-1 at 5, 7. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* will be granted and the United States Marshal will be ordered to serve a copy of the complaint and this order upon Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the Complaint and this Order upon the Defendants pursuant to Federal Rule of Civil Procedure 4. The Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provisions for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT FURTHER ORDERED** that Defendants shall file a responsive pleading to the Complaint within the time allowed under the Federal Rules of Civil Procedure.

Finally, Plaintiff must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. It could also result in dismissal of the lawsuit.

Dated at Green Bay, Wisconsin this <u>26th</u> day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
